**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **UNITED STATES,** | : | |
| Prosecution | : | |
| | : | **Case No. 3:12-cr-193 (VLB)** |
| **v.** | : | |
| | : | **February 1, 2013** |
| **BENJAMIN GREEN,** | : | |
| Defendant | : | |
| | : | |

**RULING DENYING WITHOUT PREJUDICE THE GOVERNMENT'S MOTION TO
RECONSIDER THE COURT'S RULING GRANTING DEFENDANT'S MOTION TO
PROCEED PRO SE AND GRANTING THE GOVERNMENT'S MOTION FOR A
COMPETENCY EXAM**

Before the Court is the Government's December 12, 2012 Motion to Re-
Open the Court's *Faretta* Inquiry.  [Doc. 54].  In the motion, they argue that the
Court should give the defendant the option of either participating meaningfully in
another *Faretta* hearing or appointing new counsel until he is officially evaluated
as competent to stand trial and ordering him to reimburse the court for such
costs at the conclusion of trial.  The defendant has not responded to the
government's motion.  For the following reasons, the Government's motion is
GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.


Background

The Defendant Benjamin Green was arraigned by the Honorable Holly
Fitzsimons on October 4, 2021 at which time he refused to speak, resulting in his
detention.  Following a short period of incarceration, the Defendant chose to
cooperate with the court and his appointed counsel, Sarah Merriam, and he was
released from custody.  On October 2, 2012, Attorney Merriam filed a motion to

Withdraw and for Leave to Proceed *Pro Se* with this Court, to whom the case is assigned [Doc. 9].  That motion required the Court to conduct a *Faretta* hearing to determine whether the Defendant was waiving his right to counsel.  *See Faretta v. California*, 422 U.S. 806, 819-20, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).  On November 1, 2012, the Government filed a Supplemental Proposed *Faretta* Colloquy.  [Doc. 41].

On November 27, 2012 the Court conducted a *Faretta* hearing.  At the hearing, Attorney Merriam stated that she had provided to the Defendant the Government's proposed colloquy, consisting of an exhaustive list of questions and instructions, in advance of the hearing and in preparation therefore explained to the Defendant that the Court needed to receive narrative answers to the questions in order to determine that he was waiving his right to counsel and proceed with the case.  Armed with that knowledge, the Defendant refused to speak at the hearing except at the opening to say he would not speak:

> THE DEFENDANT:  Your honor, I respectfully object to the whole proceedings.   One of jurisdiction has been challenged.  I am exercising my Fifth Amendment right.  And for and on the record, I am demanding a dismissal with prejudice for fraud upon the court in the attempt to force me into a performance or statement or answer questions and break my fifth amendment right so I don't self-incriminate myself will be a violation of the due process clause.  Because I am exercising my fifth amendment right not to incriminate myself, my silence does not constitute agreement and does not give the Court __[inaudible]__ to initiate any kind of power of attorney over me, including but not limited to durable power of attorney for healthcare purposes.

Hrn'g at 2:10:36.  For the rest of the proceeding, he refused to acknowledge the Court's statements or answer the Court's questions.  In so doing he sought to

frustrate the Court's efforts to conduct the proceeding and elicit responses and make a record of the extent to which he had been adequately advised and made a valid waiver of his right to counsel in order to proceed or in the alternative would either retain counsel or complete the forms he previously refused to complete in order for the Court to appoint counsel for represent the Defendant.

At the hearing both the appointed counsel and the United States Probation Officer advised the Court that the Defendant harbored an earnest belief in the Court's lack of jurisdiction and the invalidity of the proceedings and that because of his earnest beliefs he had informed them that he would  refuse to participate in the proceedings.  The Court sought to advise the Defendant and elicit responses from him in accord with the requirements of *Faretta* and incorporating the Government's proposed questions.  The Defendant refused to respond to the Court'.  To illustrate, the colloquy between the Defendant and the Court proceeded as follows:

> THE COURT:  I would like to begin by advising, perhaps reminding you of your legal and constitutional rights.  First, sir, you're presumed to be innocent.  And you will remain cloaked with the presumption of innocence unless and until you're proven guilty or you plead guilty.  You do have the right to remain silent.  And that right to remain silent is the right not to say anything concerning the charges against you.  The purpose of today's proceeding is not to discuss the charges against you.  You will not be asked to answer any questions or make any statement whatsoever concerning the charges against you.  Do you understand?
> [silence]
> THE COURT:  You also have the right to be represented by counsel at every stage of the proceedings, whether you are in court or not.  And if you cannot afford an attorney, an attorney will be appointed to represent you at public expense.  Do you understand sir?
> [silence]

THE COURT:   You should know that we are making a recording of this proceeding.  So, your silence is being recorded.  Audibly.

[silence]

THE COURT:  You have the right, but not the obligation to be represented by counsel.  You may choose to represent yourself.   However, you should be aware that these proceedings are governed by the Federal rules of Criminal Procedure and by the Federal Rules of Evidence as well as the criminal statutes of the United States.

[silence]

THE COURT:   Accordingly, if you choose to represent yourself, you will be representing yourself without the education, without the training, and without the experience that opposing counsel, that is the United States Attorney will have in prosecuting the case.  Mr. Green, that would put you at a severe disadvantage.  I have read your three motions to dismiss this action and I have read your discovery motion and I have heard you speak here today in court.   And in all four of those instances, you have illustrated glaringly the principle which have just described to you.  And that is that you lack the education, the training, the experience, the knowledge, and as a consequence, the analytical ability to represent yourself.

[silence]

THE COURT:   These charges carry substantial periods of incarceration.   You could be incarcerated for 7 years should you be convicted of these offenses.  You could also be subjected to a period of supervised release thereafter.  During which you could be subject to certain conditions, the violation of which could subject you to further periods of incarceration.  In addition, the court could order you to pay restitution and to pay fines.  And the failure to make payment may result in the imposition of interest and penalties increasing the total amount of money you would owe.

[silence]

THE COURT:  So this proceeding has very severe and dire consequences if you don't handle it in a manner that is in your best interest.  Do you understand?

[silence]

THE COURT:  Mr. Green?

[silence]

THE COURT:  Do you understand, Mr. Green?

[silence]

DEFENSE COUNSEL: Your honor, may I have a moment?

4

**THE COURT: Yes.**

**Id. at 2:11:40.  At the conclusion of the hearing, the Court granted Attorney Merriam's Motion to Withdraw and grated the defendant's motion to proceed *pro se*.  [Doc. 52].**

**On the next day, Attorney Merriam filed a Notice with the Court.  [Doc. 53].  That notice indicated that she had "prepared a complete set of printed copies of all items filed to date in the above-cited case, as well as a printed copy of the docket sheet, and has notified the defendant that he may pick up these documents at the office of the undersigned at his convenience."  Notice at 1.  Attorney Merriam also indicated that she prepared the defendant to proceed pro se in this matter: "[C]ounsel has prepared a pro se appearance for the defendant and has sent a copy of the pro se appearance form to the defendant by electronic mail and by United States Postal Service with instructions on how to file the form by regular mail."  Id.  To date, the defendant has not filed an appearance.  Finally Attorney Merriam indicated that "[c]ounsel has advised the defendant of the need to obtain an ECF account or seek a waiver of the electronic filing order."  Id.  The defendant has not sought such waiver or applied for ECF access.**

**<u>Analysis</u>**

**Under the Sixth Amendment to the Constitution, an accused is guaranteed the right to represent himself.  *See Faretta v. California*, 422 U.S. 806, 819-20, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).  A criminal defendant is entitled to proceed *pro se* if he "knowingly, voluntarily, and unequivocally" waives his right to appointed**

**5**

counsel. *Johnstone v. Kelly*, 808 F.2d 214, 216 (2d Cir.1986) (citing *Faretta*, 422 U.S. at 835-36, 95 S.Ct. 2525).  Furthermore, "the trial court should refuse to accept a waiver of the right to counsel unless and until the court is satisfied that the defendant fully understands the consequences of such election and is competent to make it."  *United States v. Barnes*, 693 F.3d 261 (2d Cir. 2012).

Assuming that a defendant's waiver meets this standard and the matter is raised prior to the start of the trial, "'[t]he right of a defendant in a criminal case to act as his own lawyer is unqualified . . ..'" *Williams v. Bartlett*, 44 F.3d 95, 99 (2d Cir.1994) (quoting *United States ex rel. Maldonado v. Denno*, 348 F.2d 12, 15 (2d Cir.1965)) (emphasis in *Williams* ).  Moreover, a court's denial of the right to self-representation is not subject to harmless error analysis, and requires automatic reversal of a criminal conviction.  See *Johnstone*, 808 F.2d at 218.  The right to self-representation attaches only if it is asserted "clearly and unequivocally." *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525. "Once asserted, however, the right to self-representation may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request altogether."  *Williams*, 44 F.3d at 100 (citing *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir.1982) (en banc)). Thus, "[a] waiver may be found if it reasonably appears to the court that defendant has abandoned his initial request to represent himself." *Brown*, 665 F.2d at 611.  However, to avoid waiver of a previously invoked right to self-representation, a defendant need not "continually renew his request to represent himself even after it is conclusively denied by the trial court.  After a clear denial of the request, a defendant need not make fruitless motions or forego

6

cooperation with defense counsel in order to preserve the issue on appeal." *Id.* at 612; accord *United States v. Arlt*, 41 F.3d 516, 523 (9th Cir.1994) ("[O]nce a defendant has stated his request clearly and unequivocally and the judge has denied it in an equally clear and unequivocal fashion, the defendant is under no obligation to renew the motion.").

Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules expressly provide for reconsiderations. Nonetheless, it is permissible to file reconsideration motions in criminal cases. *See United States v. Clark*, 984 F.2d 31 (2d Cir. 1993) (holding that the motion to reconsider the district court's federal sentence should be treated as a civil motion to alter or amend the judgment), *United States v. Hector*, 368 F.Supp.2d 1060, 1063 (C.D.Cal. 2005) (stating that a motion for reconsideration in a criminal case is not to be used to ask the court to rethink a decision rendered), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007), *United States v. Fiorelli*, 337 F.3d 282, 286-88 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases.").

The courts have held that motions for reconsideration are governed by the standard applicable to the equivalent civil filing. *See Clark* at 34 (finding that a motion for reconsideration "should be subject to the same time limitations as reconsideration motions in civil cases."). *See also*, *United States v. Delvi*, No. S1201 Cr. 74, 2004 WL 235211 (S.D.N. Y. Feb. 6, 2004) (applying the local civil rule to deny defendant's motion for reconsideration because it simply reiterated facts and arguments already considered and rejected by the court); *United States v.*

7

*Greenfield*, No. 01 Cr. 401, 2001 WL 1230538, at *1 (S.D.N.Y. Oct. 16, 2001) (applying the local rule standard);  *United States v. Kurtz*, No. 98 Cr. 733, 1999 WL 349374, at *6 (S.D.N.Y. May 28, 1999) ("A motion to reconsider will not be granted unless the movant demonstrates that the court has overlooked controlling law or material facts.").

Local Rule 7(c) provides that "[m]otions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision order."  Similarly, the Federal Rules of Civil Procedure provide grounds for relief from a judgment or order.  Rule 60(b) provides that a:

> [C]ourt may relieve a party . . . from a final judgment, order, or proceedings for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
> . . .
> (6) any other reason that justifies relief.

It has been established that motions to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255 (2d Cir. 1995).  *See also*, *United States v. Bloch*, 794 F.Supp.2d 15 (2011) (denying defendant's motion for reconsideration applying the Federal Rules of Civil Procedure and holding that a motion for reconsideration is not a vehicle to present evidence which was available but not

offered at the original motion) (internal citations omitted).  Nonetheless, the motion is to the sound discretion of the court.  *See Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir. 1981).

In this case, the Government asks this court to re-open the *Faretta* hearing to afford the defendant a second opportunity to "participate meaningfully." Gov't. Mot. at 1.  The Government further argues that the defendant's failure to participate in the November 27, 2012 hearing prevented the Court from inquiring into the defendant's statement to Officer Lambert that he suffers from short-term memory loss and, consequently the Court was unable to make an appropriate assessment of how this short-term memory loss would affect his ability to represent himself at trial.  Id. at 3-4.  Furthermore, the Government argues that the Court should still suspect whether the defendant truly can understand the nature of the proceedings against him and if he has a firm grasp on reality.  Id. at 5.

At the conclusion of the November 27, 2012 hearing, the Court found that the Defendant clearly knowingly, voluntary, intelligently and unequivocally waived his right to counsel and elected to represent himself.  [Doc. 52].  The Court informed the defendant of his right to counsel, the risks of self-representation and the benefits of being represented by counsel.  The Court heard testimony of both Attorney Merriam and Probation Officer Lambert and determined that his conversations with both evinced that he has shown himself to be intelligent and earnest in his beliefs and that has demonstrated an understanding of the nature and seriousness of the charges against him, the

9

nature of the proceedings, his right to self-representation, the risks of self-representation, including his lack of education, training and experience in the law, the benefits of being represented by counsel, including the risk of waiving his Fifth Amendment rights, and finally, the Court's need for him to respond to its canvas in narrative form.

At the conclusion of that hearing, the Court determined that the Defendant's refusal to respond in a narrative form is an attempt to frustrate the proceedings by obfuscating the Court's efforts to elicit responses customarily required for the Curt to make the necessary finding of a valid waiver.  In view of the fact that the record reflects that the information which the Court attempted to impart was in fact provided to the Defendant and further that the Defendant has shown himself off the record to be intelligent enough to comprehend the information provided and the consequences of self-representation, coupled with the Defendant's refusal to permit the Court to appoint counsel, the Court found that he had effectively, by act and omission knowingly, intelligently, voluntarily and unequivocally waived his right to counsel and elected to proceed without counsel.

Nevertheless, the Court rendered this determination without complete information.  The possibility that the defendant suffers from short-term memory loss is new information and this Court has an obligation to investigate with reasonable diligence how it would affect the defendant's competence to give such waiver as required by *Barnes*.  Therefore, the Court orders, pursuant to 12 U.S.C. §3552(c) that Officer Lambert supplement the record with a psychiatric or

psychological exam of the defendant.  Should the result of this exam present the Court with new information on the Defendant's competency to proceed *pro se*, the Court will re-open the *Faretta* inquiry upon motion.  If the Defendant timely changes his mind and either retains counsel to represent him or provide the Court with evidence that he qualifies for the appointment of counsel, the defendant's decision not to be represented and thus to proceed *pro se* will be honored.

For those reasons, the Motion to Re-Open is DENIED WITHOUT PREJUDICE and the probation office will be, in a subsequent order, directed to make arrangements for a psychological exam pursuant to 18 U.S.C. § 3552(c).

IT IS SO ORDERED.

_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: February 1, 2013.