UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 3:12cr193(VLB) |
| : | |
| BENJAMIN GREEN, III : | |

### ORDER CONTINUING JURY SELECTION AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT FOR THE COMMENCEMENT OF TRIAL

Prior to addressing the motion which is the subject of this ruling, the Court must lay out the nature and history of this case. This case was initiated by an indictment filed September 6, 2012.[1] The indictment charges Defendant with two counts: (1) that he made a false, fictitious or fraudulent claim against the United States in violation of 18 U.S.C. § 287, and (2) that he attempted to interfere with the administration of the Internal Revenue Laws, in violation of 26 U.S.C. §7212(a).[2] The indictment alleges that Defendant filed a fraudulent tax return in 2009, for tax year 2008, and as a result the IRS wired a $616,434 refund to Defendant.[3] The indictment alleges that Defendant then used that money to, among other things, pay off the remaining $357,632.75 owed on his home mortgage.[4] The indictment further alleges that Defendant then undertook a course of conduct to inhibit the IRS's efforts to recover the money refunded to Defendant.[5] Defendant was arrested on September 27, 2012, and presented to Magistrate Judge Holly B.

---

[1] Dkt. No. 1.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

1

Fitzsimmons on September 27, 2012, at which time attorney Sarah Merriam was appointed as standby counsel for Defendant.[6] On October 2, 2012, Defendant's attorney Sarah Merriam filed a motion to withdraw, and to allow Defendant to proceed *pro se* at his request.[7] Defendant was arraigned before Magistrate Judge Holly B. Fitzsimmons on October 4, 2012.[8] On October 22, 2012 Defendant filed a motion to dismiss titled "Motion to Dismiss For the Reservation of My Rights."[9] On October 23, 2012 Defendant filed two more motions to dismiss, one titled "Defendant Motion to Dismiss for want of Jurisdiction,"[10] and the other titled "Motion to Dismiss for Lack of Subject Matter Jurisdiction, Debt Previously Discharged and No Triable Issue Before the Court."[11] The two motions filed on October 23, 2012 were then re-filed on November 1, 2012, this time e-filed on Defendant's behalf by Defendant's standby counsel Sarah Merriam.[12] On November 27, 2012, this Court conducted a *Faretta*[13] hearing to determine whether the Defendant was waiving his right to counsel, granted standby counsel Sarah Merriam's motion to withdraw, and granted Defendant leave to proceed *pro se*.[14] On December 12, 2012, the Government moved to re-open the Court's *Faretta*

---

[6] Dkt. No. 5.
[7] Dkt. No. 9.
[8] Dkt. No. 13.
[9] Dkt. No. 25. The Court notes that this motion was apparently drafted by Defendant without the participation of his standby counsel Sarah Merriam, and e-filed on his behalf by standby counsel Sarah Merriam. Dkt. No. 25. This motion to dismiss was denied by the Court on October 26, 2012 for failure to articulate any factual or legal basis for relief. Dkt. No. 31.
[10] Dkt. No. 26.
[11] Dkt. No. 27.
[12] Dkt. Nos. 38 & 39.
[13] *Faretta v. California*, 422 U.S. 806 (1975).
[14] Dkt. No. 52.

10301043.3

inquiry, seeking a competency exam for the Defendant.[15] On February 1, 2013, this Court ruled on the Government's motion, granting it insofar as it sought a competency exam of the Defendant, and denying without prejudice to refiling the motion to re-open the *Faretta* inquiry.[16] On March 25, 2013, the Government filed a motion for a status hearing; in response, the Court on March 27, 2013 set an arraignment and competency hearing for April 24, 2013.[17] On April 11, 2013, the Government filed a motion requesting that the Court appoint interim counsel for Defendant before the hearing scheduled for April 24, 2013.[18] Also on April 11, 2013, attorney Sarah Merriam entered a notice of appearance as standby counsel for Defendant.[19] On April 15, 2013, Defendant filed an affidavit requesting the assistance of counsel.[20] On April 18, 2013 this Court terminated the competency hearing scheduled for April 24, 2013, as Defendant had requested the appointment of counsel. On April 26, 2013 the Defendant filed a motion to dismiss for lack of speedy trial.[21] On April 30, 2012, the Government filed a motion for a hearing regarding Mr. Green's competency to proceed *pro se* while using his appointed counsel only as standby counsel.[22] On June 17, 2013, the Government filed a second motion for a hearing regarding Defendant's competency to proceed *pro se* with his appointed counsel acting only as standby counsel.[23] On June 26, 2013

---

[15] Dkt. No. 54.
[16] Dkt. No. 55.
[17] Dkt. No. 60.
[18] Dkt. No. 62.
[19] Dkt. No. 63.
[20] Dkt. No. 64.
[21] Dkt. No. 70.
[22] Dkt. No. 71.
[23] Dkt. No. 75.

10301043.3

this Court received the results of the psychological evaluation of Defendant, which found Defendant competent to stand trial but not competent to represent himself, and held a hearing regarding Defendant's competency to proceed *pro se,* at which Defendant agreed to continued representation by attorney Sarah Merriam, with the option to later filed a renewed motion to proceed *pro se* with attorney Sarah Merriam acting as standby counsel.[24] On July 30, 2013 the Government filed the motion to continue jury selection and to exclude time under the Speedy Trial Act that is the subject of this Order.[25] On August 7, 2013, a hearing on that motion was held before this Court, at which Defendant expressed again his desire to represent himself, but ultimately agreed to continued representation by attorney Sarah Merriam.[26]

In accordance with the Local Criminal Rules and the Speedy Trial Act, the United States has moved the Court to issue an order continuing jury selection in this case to November 5, 2013 and to exclude from the 70-day period to commence trial under the Speedy Trial Act the time period from July 30, 2013, the date of the government's motion, through and including November 5, 2013. In support of its motion, the government has made the following representations:

1. On July 15, 2013, the government moved the Court to commence trial in this case no later than August 26, 2013.[27]

2. On July 16, 2013, the Court held a teleconference to determine whether a *voir dire* panel needed to be summoned for an August 6, 2013 jury

---

[24] Dkt. No. 78.
[25] Dkt. No. 83.
[26] Dkt. No. 86.
[27] Dkt. No. 80.

selection date in this case. During that call, Ms. Merriam told the Court that Mr. Green had additional dispositive motions to file, and that Mr. Green had identified an out-of-state witness that Ms. Merriam needed to locate, interview, and possibly subpoena for trial. Ms. Merriam represented that, based on her need to conduct further discovery and file additional briefs, Mr. Green would file a defense motion to continue trial. At that time, Mr. Green agreed that it was in his best interest to provide a limited waiver of his speedy trial rights to permit an extension of the deadline for the filing of pre-trial motions as well as to provide additional time to prepare for trial.[28] To accommodate the Defendant's litigation strategy and avoid judicial inefficiency and the waste of limited court resources, the Court did not summon a voir dire panel for the August 6, 2013 jury selection date and directed the parties to meet, confer and notify the Court of the date by which they would be ready for trial, taking into consideration the complexity of the issues the Defense intended to raise in its planned motions and the availability of Defendant's witness..

3. In a subsequent conversation, Ms. Merriam and counsel for the government agreed to a jury selection date of November 5, 2013 for this case.

4. On July 20, 2013, Ms. Merriam filed a notice with the Court in which she explained that Mr. Green would not execute a limited waiver in support of a motion to continue trial.[29]

The Sixth Amendment to the United States Constitution affords a criminal defendant the right to a speedy trial. U.S. Const. amend. VI ("In all criminal

---

[28] Dkt. No. 81, ¶ 3.
[29] *Id.*

5
10301043.3

prosecutions, the accused shall enjoy the right to a speedy and public trial, . . ."); *Vermont v. Brillon*, 556 U.S. 81, 84 (2009) (noting "the Sixth Amendment guarantee that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial'")(modification in original) (quoting U.S. Const. amend. VI). In determining whether the Sixth Amendment right to a speedy trial has been or would be violated by a delay, the Court must consider the four factors articulated by the Supreme Court in *Barker v. Wingo*, 407 U.S 514, 530 (1972). First, the Court must determine whether the Defendant has been prejudiced. *Id.* Assuming the delay was prejudicial, the Court must next consider the reason for the delay. *Rayborn v. Scully*, 858 F.2d 84, 89-90 (2d Cir. 1988). Delay is weighted against the party which caused it. *Cf. Barker v. Wingo*, 407 U.S. at 531. Delay is neither prejudicial nor violative of the Sixth Amendment where it is occasioned by the defendant's request to substitute counsel or file dispositive motions. *See* 18 U.S.C. § 1361(h)(1)(D) ("The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offence must commence . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); *see, e.g. United States v. Louis*, 814 F.2d 852, 857 (2d Cir. 1987)(excluding from the Speedy Trial Act's seventy-day limitation the delay between the filing of defendant's motion to substitute counsel and the conclusion of the hearing on that motion)(citing *Henderson v. United States*, 476 U.S. 321 (1986)). Delay is proper when occasioned by the Defendant's oral or written motion to dismiss. *Cf. United States v. Bolden*, 700 F.2d 102, 103 (2d Cir. 1983) (holding that a motion to dismiss

6

10301043.3

on speedy trial grounds "like any other pretrial motion, automatically triggers a period of excludable time"); *United States v. Cobb*, 697 F.2d 38, 43 (2d Cir. 1982) (finding that a "pretrial motion" for the purposes of § 3161(h)(1)(D) may be made either orally or in writing), *abrogated on other grounds by Henderson v. United States*, 476 U.S. 312, 326-327 (1986). Tolling of the speedy trial clock extends from the date a substantive motion is filed through the conclusion of the hearing on the motion and the Court's prompt disposition of such motion. *See* 18 U.S.C. § 1361(h)(1)(D).

Section 3161(h)(7)(A) of the Speedy Trial Act permits this Court to exclude from the speedy trial period "any period of delay resulting from a continuance granted by any judge […] at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[30] Among the factors this Court must consider in determining whether to grant a continuance under Section 3161(h)(7)(A) is "[w]hether the failure to grant such a continuance […] would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[31]

A continuance of trial in this matter serves the ends of justice. It affords the Defendant an opportunity to file, the Government an opportunity to respond, and the Court an opportunity to consider and rule on dispositive motions which

---

[30] 18 U.S.C. § 3161(h)(7)(A).
[31] 18 U.S.C. § 3161(h)(7)(B)(iv).

Mr. Green continues to state his intention to file,[32] and thus outweighs Mr. Green's right to a trial commencing within 70-days of his initial appearance, which would necessarily occur before his yet-to-be-filed motions could be responded to and ruled upon.

First, Mr. Green has additional dispositive motions that he wants to file in this case. Without a continuance, Mr. Green would not be permitted to file any further dispositive motions.

Second, Mr. Green has recently identified an out-of-state witness that Ms. Merriam needs to interview.[33] If that witness will not be available for trial, the parties may need to avail themselves of Fed. R. Crim. P. 15 discovery. Moreover, Mr. Green has not yet filed any pretrial documents in preparation of trial, including *voir dire* questions, jury instructions, his list of anticipated witnesses, or a trial exhibit list. The Court finds that, without a continuance, Mr. Green and his attorney will not have sufficient time to prepare for trial.

Finally, at least three of the United States' witnesses are from out-of-state. The government needs a date certain and sufficient time to arrange for the appearance of these witnesses at trial. Additionally, the Defendant needs time to file the dispositive motions the Defendant proposes to file and the Government needs time to respond to such motion(s).

---

[32] At an August 7, 2014 hearing, Mr. Green stated that he still intended to file at least one of the dispositive motions first brought to the Court's attention on July 16, 2013 and which occasioned the Court's continuance of the August jury selection. Mr. Green refused to respond definitively to the Court's request for a date certain by which he would file his motion(s). The Court advised that continued delay could further delay his trial and encouraged him to file his motion on the earliest possible date.

[33] Dkt. No. 81.

10301043.3

**The Court therefore finds that the ends of justice served by the continuance of trial and the exclusion of time outweigh the best interest of the public and the defendant in a speedy trial in this case. The balance of the factors for this Court to consider under Section 3161(h)((7)(B) weighs in favor of continuing trial until November 5, 2013 and excluding the period of delay caused by the continuance from the 70-day period for the commencement of trial under the Speedy Trial Act.**

**Based upon the foregoing, the Court continues jury selection in this matter to November 5, 2013. Further, the Court finds that the time period from July 30, 2013 through and including November 5, 2013, is excludable under the Speedy Trial Act for the commencement of trial.**

**Dated: \_\_\_8/26/13_____ _____/s/_____**

**THE HONORABLE VANESSA L. BRYANT
UNITED STATES DISTRICT COURT JUDGE**

10301043.3